**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000705
13-MAR-2025
07:53 AM
Dkt. 59 SO**

NO. CAAP-22-0000705

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LEONCIO DOLORES-FLORES, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DTA-21-00957)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and Nakasone, JJ.)

Defendant-Appellant Leoncio Dolores-Flores (**Dolores-Flores**) appeals from the November 4, 2022 Judgment and Notice of Entry of Judgment (**Judgment**) entered by the District Court of the Second Circuit (**District Court**)[1] in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).  The State charged Dolores-Flores via a November 12, 2021 Complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised

_____

[1]      The Honorable Blaine J. Kobayashi presided.

Statutes (**HRS**) §§ 291E-61(a)(1) and (3) (2020),[2] subject to HRS § 291E-61(b)(1) (Supp. 2021).[3]

---

[2] HRS § 291E-61 provides, in pertinent part:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> . . . .
>
> (3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3] HRS § 291E-61 provides, in pertinent part:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**
> . . . .
>
> (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> (1)  Except as provided in paragraph (4), for the first offense, or any offense not preceded within a ten-year period by a conviction for an offense under this section or section 291E-4(a):
>
> > (A)  A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
> >
> > (B)  One-year revocation of license to operate a vehicle;
> >
> > (C)  Installation during the revocation period of an ignition interlock device on all vehicles operated by the person;
> >
> > (D)  Any one or more of the following:
> >
> > > (i)  Seventy-two hours of community service work;
> > >
> > > (ii)  No less than forty-eight hours and no more than five days of imprisonment; or
> > >
> > > (iii) A fine of no less than $250 but no more than $1,000;

(continued...)

2

Dolores-Flores raises a single point of error on appeal, contending that there was no substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Dolores-Flores's point of error as follows:

> We review the sufficiency of evidence in a criminal case "in the strongest light for the prosecution." State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. Substantial evidence means "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id.

State v. Jones, 148 Hawaiʻi 152, 166, 468 P.3d 166, 180 (2020).

Lay witness Will Mason Bailey (**Bailey**) testified that as he was driving home, he stopped at a stoplight and observed a pickup truck "[having] a hard time [turning] into the [southbound] lane." Bailey testified that he followed the truck because it was headed in the same direction as he was, and that he observed the truck swerve into oncoming traffic multiple times, almost causing an accident with an oncoming vehicle, and nearly colliding with parked cars at another point shortly after. Bailey called the police, and dispatch told him to continue following the truck; Maui Police Department (**MPD**) officers caught

---

[3](...continued)

    (E)    A surcharge of $25 to be deposited into the neurotrauma special fund; and

    (F)    A surcharge, if the court so orders, of up to $25 to be deposited into the trauma system special fund[.]

up with Bailey and followed the truck into a nearby apartment complex (Paradise Gardens), at which point Bailey pulled over.

MPD Officer Andrew Spring (**Officer Spring**) - who had passed Bailey and followed Dolores-Flores - corroborated much of Bailey's testimony. Officer Spring testified that he also observed the truck on South Kihei Road, it matched dispatch's description, and he observed the truck, *inter alia*, as it crossed double yellow lines into the oncoming lane multiple times, and "continued to weave within its [own] lane." Officer Spring followed directly behind the truck into the Paradise Gardens apartment complex, and put on his blue emergency lights.

Officer Spring and MPD Officer Cody Tezloff (**Officer Tezloff**) then approached the vehicle and informed the driver of why he had been stopped; Dolores-Flores was behind the wheel. Officer Spring also testified that, *inter alia*, upon pulling Dolores-Flores over, he noticed that Dolores-Flores's "movements seemed slow," that his eyes were "red and watery, bloodshot," and that he "detected odor of . . . [an] alcoholic beverage on his breath." Officer Spring testified that at this point, Officer Tezloff took over the investigation. Officer Tezloff told Dolores-Flores to exit the vehicle, at which point he asked Dolores-Flores if he would voluntarily participate in the standard field sobriety tests (**FSTs**). Dolores-Flores agreed, and the FSTs were eventually administered by Officer Suzanne O (**Officer O**).

Further testimony was presented from each officer at the scene. The testimony included that Officer O observed that

Dolores-Flores had "red watery eyes and . . . slow[ed] speech." Officer O testified that she observed Dolores-Flores stumble as he exited the vehicle, and that he "kind of wobbled a little" when standing in front of another officer. Officer O also testified that Dolores-Flores's "eyes were watery and red," that "his face was flushed," and that "his speech was slurred." Additionally, Officer O testified that, during the FSTs (which included a horizontal gaze nystagmus (**HGN**) test, a walk-and-turn test, and a one-leg-stand test), Dolores-Flores "couldn't keep his balance," that he "kept moving his head," that he "missed . . . the heel to toe" when "going back after the . . . turn[,]" he "[missed] all nine steps," and during the one-leg-stand test, he swayed and "drop[ped] his foot a couple of times."

Dolores-Flores's arguments concerning the credibility and reliability of Bailey's testimony are not well founded in the record, particularly in light of Bailey's testimony that he had "good vision of the truck" unimpeded by any cars being between them, and Officer Spring's independent, but corroborating observations. Moreover, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Pomroy, 132 Hawaiʻi 85, 95, 319 P.3d 1093, 1103 (2014).

We conclude that the testimony of Bailey and the three MPD officers, together, provided substantial evidence in support of Dolores-Flores's conviction pursuant to HRS § 291E-61(a)(1).

Accordingly, the District Court's November 4, 2022 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 13, 2025.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
Department of the Prosecuting
Attorney, County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge